933 F.2d 1010
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joan B. VEST, Plaintiff-Appellant,
v.
OHIO COUNCIL 8 OF the AMERICAN FEDERATION OF STATE, COUNTY &
MUNICIPAL EMPLOYEES, AFL-CIO, et al., Defendants-Appellees.
 No. 90-3792.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1991.
 
 Before KEITH and MILBURN, Circuit Judges, and COHN, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Joan B. Vest appeals the summary judgment granted in favor of defendants-appellees Ohio Council 8 of the American Federation of State, County & Municipal Employees, AFL-CIO; Local 1229 of the American Federation of State, County & Municipal Employees, AFL-CIO ("the union"); and the County of Summit, Ohio, in this action for gender discrimination in employment brought under 42 U.S.C. Sec. 1983 and 42 U.S.C. Sec. 2000e et seq.
 
 
 2
 The facts of this case are undisputed. Plaintiff Vest is a female employee of defendant Summit County. She was represented by defendant Local 1229 which was a member of Council 8, the regional office for the American Federation of State, County, and Municipal Employees. Plaintiff Vest applied for the position of System Maintenance Communications Technician ("dispatcher") in October 1986, and was hired into that position by Summit County.
 
 
 3
 Shortly after she began work in that position, the union filed a grievance in support of three male applicants who had also applied for the position. The grievance asserted that Vest was unqualified for the job because she could not meet the experience and training portions of the formal job description. The county denied the grievance and proceeded to binding arbitration with the union.
 
 
 4
 In January 1988 the Arbitration Review Panel sustained the union grievance and ruled that Vest was not qualified for the position. The county removed the plaintiff from her position, but it appealed the arbitrator's decision to the Court of Common Pleas, then to the Court of Appeals, and then to the Ohio Supreme Court, losing in each appeal.
 
 
 5
 Plaintiff Vest then sued Summit County and the union, alleging that they had discriminated against her because of her status as a female. She also sued Summit County for allegedly depriving her of her equal opportunities in violation of the Fourteenth Amendment to the United States Constitution. Finally, she joined pendent claims for emotional distress and breach of contract. The district court granted summary judgment for the defendants on all of the federal causes of action and dismissed the pendent causes of action.
 
 
 6
 This timely appeal followed. The principal issues in this appeal are (1) whether there was sufficient evidence of gender discrimination by the union to preclude summary judgment against plaintiff Vest, (2) whether there was sufficient evidence of gender discrimination by the county to preclude summary judgment against plaintiff Vest, and (3) whether there was sufficient evidence of a discriminatory custom or policy maintained by Summit County to preclude summary judgment against plaintiff Vest.
 
 
 7
 After hearing argument of counsel and considering the briefs and record filed herein, we AFFIRM the judgment of the district court for the reasons stated in its memorandum order of August 22, 1990.
 
 
 
 *
 Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation